**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMAN WILLIE BARLOW, Jr., | No. 08-56695 |
| Petitioner - Appellant, | D.C. No. 2:03-cv-08895-GPS-RZ |
| v. | |
| AL SCRIBNER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[**]

State prisoner Herman Willie Barlow, Jr. appeals the district court's denial

of his petition for a writ of habeas corpus. Barlow alleges that his trial counsel's

failure to investigate and introduce evidence of third-party culpability in his trial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Glen H. Davidson, Senior District Judge for the U.S.
District Court for the District of Northern Mississippi, sitting by designation.

was ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's denial of the habeas petition.

This court reviews a district court's denial of a habeas petition de novo and reviews its factual findings for clear error. Robinson v. Schriro, 595 F.3d 1086, 1099 (9th Cir. 2010). Under the Antiterrorism and Effective Death Penalty Act ("ADEPA"), Barlow would be entitled to habeas relief if he demonstrated that the state court's denial of his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The standard for evaluating ineffective assistance of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984), which requires that the petitioner show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Id. at 687.

Even assuming Barlow's trial counsel was constitutionally ineffective, the California Supreme Court's denial of Barlow's habeas petition is not contrary to, or an unreasonable application of, Strickland because Barlow fails to satisfy Strickland's prejudice prong. Specifically, Barlow fails to show he could have called Brian Bridges to testify, when the testimony of Bridges was the sole piece of evidence before the California Supreme Court implicating William Devore as the killer. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under

§ 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Because Barlow has not shown prejudice, he is not entitled to habeas relief.

AFFIRMED.